# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHUN BOWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. OLUFEMI OWOLABI, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00687-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1) |

　　　　Plaintiff DeShun Bowers is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's complaint, filed May 4, 2023.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On or about July 3, 2021, Plaintiff was ordered a treatment plan of incision and drainage for his abscess.

On or about July 6, 2021, Plaintiff walked into the medical clinic seeking immediate treatment for the large and painful abscess on his right wrist.  The infection began to spread into Plaintiff's right hand which was swollen.  After Dr. Owolabi visually accessed Plaintiff's condition, Dr. Owolabi said, "[t]his is from drugs."  Then Dr. Owolabi asked nurse practitioner Thomas, "Can you do the procedure."  Nurse practitioner Thomas said, "Yes I know how to do it."  Despite having no knowledge of whether nurse practitioner Thomas possessed the degree of skill and ability, Dr. Owolabi provided no supervision of the surgical procedure and returned to his office.

After nurse practitioner Thomas prepared Plaintiff's arm for the incision and drainage procedure, she picked up the scalpel when Plaintiff asked for anesthetic due to the amount of pain he was suffering. Thomas said, "I' not giving you anything. You see that's why you shouldn't use drugs it isn't worth it, is it?" Plaintiff pleaded with Thomas for anesthetic which was ignored. Nurse Thomas sliced open the abscess and cut off pieces to drain the infection and pack the abscess. The procedure was extremely painful that it caused Plaintiff to briefly loss consciousness. As the physician and surgeon, Dr. Owolabi negligently failed to act causing Plaintiff injuries.

Nurse practitioner Thomas failed to inform Plaintiff that she was not a physician or surgeon and could not administer a local or general shot of anesthetic to perform the surgical procedure. In failing to properly advise Plaintiff, Thomas deprived Plaintiff of the right to receive adequate medical treatment. If Plaintiff was properly advised by nurse practitioner Thomas he would not have consented to the surgical procedure without anesthesia.

Dr. Owolabi failed to treat Plaintiff as the physician and surgeon in performing the incision and drainage procedure.

## III.

## DISCUSSION

### A.  Deliberate Indifference to Serious Medical Need

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

individual's daily activities; or the existence of chronic and substantial pain. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. <u>See Farmer</u>, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. <u>Id.</u> If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, <u>see</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058-60 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Mayfield v. Craven</u>, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. <u>Toguchi</u>, 391 F.3d at 1058; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (citing <u>Farmer</u>, 511 U.S. at 837).

Plaintiff claims that Dr. Owolabi was deliberately indifference because he failed to perform the removal of Plaintiff's abscess and that nurse practitioner was deliberately indifferent for failing to provide anesthesia for the procedure she conducted on July 6, 2021. Plaintiff's factual allegations fail to give rise to a claim for relief.

With respect to Dr. Owolabi, it is clear from Plaintiff's allegations that he examined Plaintiff on July 6, 2021, and asked nurse practitioner Thomas if she could perform the procedure to which she said "yes." Although Plaintiff contends that Dr. Owolabi had "no

knowledge" whether nurse practitioner possessed the skill and ability to perform the procedure, there are no factual allegations to support such contention and the facts demonstrate otherwise.

With regard to nurse practitioner Thomas, Plaintiff contends that she was deliberately indifferent for failing to provide anesthesia for the removal of his abscess. However, the question is not whether Plaintiff should have been provided anesthesia for the procedure, but rather whether he was provided proper treatment for removal of his abscess. As recognized by one judge in this Court,

> Plaintiff's "serious medical need" was not for anesthesia, but rather for tooth repair. Plaintiff's disagreement with the course of treatment—the decision to drill without anesthesia rather than further delay treatment given the minor nature of the repair and relatively brief period of pain—does not state a constitutional claim. Had [the dentist] gratuitously drilled plaintiff's teeth for no good medical reason, then the evidence would clearly support a finding of willful and wanton infliction of pain and plaintiff would have supported a direct claim for cruel and unusual punishment contrary to the Eighth Amendment. However, where pain was an incidental part of a dentist's chosen course of treatment, the question is not whether [the dentist] was indifferent to the incidental pain, but rather whether he was indifferent to the plaintiff's existing dental condition. Plaintiff conceivably may have some other claim against [the dentist]—for battery, perhaps, for malpractice, perhaps—but he does not have a constitutional claim arising out of his treatment ....

Alford v. Gyaami, No. 2:13-cv-2143 DAD P, 2015 WL 3488301, at *9 (E.D. Cal. June 2, 2015) (citing Bout v. Bolden, 22 F.Supp.2d 646, 651 (E.D. Mich. 1998)). Thus, Plaintiff's "serious medical need" in this case is the treatment for the removal of his abscess. Accordingly, the mere fact that Plaintiff experienced pain as an incidental part of that treatment does not give rise to a constitutional violation. Alford v. Gyaami, 2015 WL 3488301, at *9; Bout v. Bolden, 22 F.Supp.2d at 651; Snipes v. DeTelle, 95 F.3d 586, 591-92 (7th Cir. 1996) (holding that removal of a toenail without the use of anesthetic should be viewed as a course of treatment, and that even if the desire for anesthetic were a separable medical need, denial of that need was not objectively sufficiently serious to constitute the denial of the minimal civilized measure of life's necessities, regardless of the doctor's motives, because it is not the type of barbaric treatment the Eighth Amendment prohibits); Buchanan v. United States, No. 05–CV–0887, 2007 WL 983312, at *4 (M.D. Pa. Mar. 27, 2007) (dismissing as not cognizable inmate's claim "that the deliberate

decision not to administer anesthesia or pain killing medicine [before cleaning and suturing a laceration] subjected him to unnecessary pain in violation of the Eighth Amendment's prohibition against cruel and unusual punishment"). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

**B.     State Law Claims**

Plaintiff seeks to bring state law claims for negligence, battery, and intentional infliction of emotional distress.

As an initial matter, in order to proceed with a state law claim, Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state laws are not sufficient to state a claim for relief under § 1983. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the Court has yet to find a cognizable federal claim.

In addition, under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"1). Claims for "injury to person or to personal property" must be presented within six months after accrual. See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim

within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

Here, Plaintiff's complaint does not allege timely and proper compliance with the claims presentation provision of the Government Claims Act.  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." City of Stockton v. Superior Court, 42 Cal. 4th at 738 (citation and internal quotations omitted). "Compliance with California's claim filing statute is ... an element of a cause of action against the state." United States v. State of Calif., 655 F.2d 914, 918 (9th Cir. 1980) (citations omitted). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 906, 221 Cal. Rptr. 3d 761 400 P.3d 372 (2017) (citation and quotations omitted).  Accordingly, Plaintiff cannot proceed with any state laws claim without proper compliance with the Government Claims Act.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief.  Although it appears unlikely that Plaintiff can amend the complaint to state a cognizable claim, in an abundance of caution, the Court will grant Plaintiff one opportunity to amend the complaint, if he believes he can do so in good faith.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **May 18, 2023**                                   _____
  UNITED STATES MAGISTRATE JUDGE